[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband and defendant wife intermarried on January 6, 1984 in Charleston, West Virginia. The plaintiff has resided in the State of Connecticut continuously for at least one year up to the date of the filing of the complaint.
No children were born to the wife, nor were any children adopted during the course of this marriage.
This is the second marriage for both of the parties.
This marriage, almost from the beginning, has been marred by emotional highs and lows. The husband best described the result of these swings in moods and temperaments when he said eventually the "lows" became more frequent and lasting which resulted in the eventual breakdown of the marriage.
The wife's main complaint appears to be that her CT Page 2146 husband would not break with his former wife. He maintained nude photographs of her and many constant reminders of her in the home.
In September 1990, the wife packed up her belongings, took some of the furniture, and returned to her birthplace, Minnesota. The husband has not seen her until the dissolution hearing.
The husband is forty-nine (49) years of age and the wife is forty-seven (47). Both of them, apparently, are in good health and both are college graduates.
The husband works for Union Carbide and earns from that employment in excess of $100,000.00 per year. He also has unearned income from a variety of other sources.
The wife, to her credit, pursued her education and also has a good income as a nurse anesthesiologist. Her yearly gross earned income is approximately $60,000.00, taking into consideration some overtime which is available to her.
The funds for the purchase of the marital home came primarily from the husband. There has also been a substantial erosion in the equity due to the depressed real estate market. The wife did, however, do some work in the home.
The court finds that the fidelity account currently valued at $90,000 came primarily from the husband' s inheritance and from his money market fund.
The fidelity IRA and the UCC Savings Plan were in existence prior to the marriage. The 401K was accumulated since 1985.
The wife has also managed to accumulate a modest portfolio of her own in the amount of approximately $22,000.00. Also, she has a TSA account and an IRA account of over $35,000.00. Most of her assets were accumulated since the marriage.
She has asked in her request to the court that she receive a lump sum of $75,000.00. She testified that the figure represented one-half of the appreciation of assets since the marriage. The court was unable to determine from her testimony how she arrived at this calculation.
Having taken into consideration all of the testimony CT Page 2147 and all of the mandated criteria set out in Connecticut General Statutes, Secs. 46b-81 and 46b-82, the court finds and orders as follows:
1. The marriage has broken down irretrievably, there is no prospect of any reconciliation and a decree of dissolution may enter.
2. The husband shall pay to the wife, as a lump sum property settlement, the sum of $25,000.00 within sixty (60) days of the date of this decision.
3. The wife shall quitclaim all of her right, title and interest in the marital home to the husband. He shall be responsible for all payments attendant to the ownership of said premises including, but not limited to, the mortgage and taxes and shall hold the wife harmless.
4. Each of the parties shall own, free of any claim from the other, all of the property presently in his or her own name, except as otherwise ordered by the court.
5. The husband shall transfer, forthwith, the 1986 Honda to the wife.
6. The wife shall, forthwith, return to the husband the ring and mink stole.
7. Each of the parties shall be responsible for his or her own costs and attorney's fees.
8. The wife's maiden name, Johnson, is restored to her.
9. Counsel for the plaintiff shall, forthwith, prepare the judgment file.
MIHALAKOS, JUDGE